**SO ORDERED.**

**SIGNED this 30 day of July, 2008.**



*Dale L. Somers*
**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

___

FOR ONLINE USE AND PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **In re:** | |
| DONALD W. DAWES and | CASE NO. 06-11237 |
| PHYLLIS C. DAWES, | CHAPTER 12 |
| DEBTORS. | |

**MEMORANDUM OPINION AND ORDER
GRANTING THE IRS'S SUMMARY JUDGMENT AS TO AMOUNT OF CLAIM**

The matter under advisement is the United States' Response to Debtors' Objection to IRS Claim and Motion to Dismiss the Objection or in the Alternative Motion for Summary Judgment (Motion).[1] Having considered the Motion, the Debtors' response, and the United States' reply, the Court is now ready to rule. The United States (also referred to herein as IRS) appears by Stephanie M. Page. Debtors Donald W. Dawes and Phyllis C. Dawes appear by Mark J.

___

[1] Doc. 250.

Lazzo. There are no other appearances. The Court has jurisdiction.[2] For the reasons stated below, the Court holds that Debtors' objection to the amount of the United States' claim for unpaid income taxes, penalty, and interest is denied.

**PROCEDURAL HISTORY AND PARTIES' POSITIONS.**

The IRS is the principal creditor in this Chapter 12 case, which was initially filed under Chapter 7 by the Debtors, pro se. The IRS filed a proof of claim for $1,747,841.53.[3] On January 29, 2008, Debtors filed an objection.[4] They assert that of the $1,747,841.53 claimed, 94% or $1,654,145.61 is attributable to claims of principal, interest, and penalties on 1982 and 1983 income taxes, which tax liabilities are based upon erroneous substituted returns prepared by the IRS which determined taxes due in the amounts of $86,783 for 1982 and $55,224.00 for 1983. Debtors allege that they have now completed their own returns for 1982 and 1983 income taxes which show that the true taxes due are $8,892 for 1982 and $4,366 for 1983.

The IRS responded with the Motion now under advisement. It argues that Debtors' objection must be denied because the amount of taxes, interest, and penalties due for 1982 and 1983 are res judicata based upon Debtors' prepetition litigation in the United States Tax Court. Debtors refute the IRS' position, asserting that res judicata does not apply because their claim

---

[2] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. The allowance or disallowance of claims against the estate is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[3] After the sale of real property which was subject to the IRS's tax lien and application of the proceeds to a portion of the claim, the IRS on February 12, 2008 filed an amended proof of claim for $856,492.40.

[4] Doc. 238.

objection is based upon a claim for tax refund for overpayment of 1982 taxes and the elements of res judicata are not present since the Tax Court proceeding was dismissed for lack of prosecution.

**SUMMARY JUDGMENT STANDARDS.**

The Court will regard the IRS' Motion as one for summary judgment, rather than a motion to dismiss.[5] Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[6] A genuine issue of material fact is a factual dispute that may affect the outcome of the case and one that a reasonable trier of fact could find in favor of either party.[7] "[T]he plain language of Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that t party will bear the burden of proof at trial."[8]

---

[5] An objection to claim initiates a contested matter. Fed. R. Bankr. P. 3007. Bankruptcy Rule 7056, governing motions for summary judgment, applies in contested matters, but Bankruptcy Rule 7012, which incorporates Federal Rule 12 addressing motions to dismiss for failure to state a claim, does not. Fed. R. Bankr. P. 9014(c). However, if Rule 7012 were applicable, it would require that the IRS's motion, which refers to matters outside the pleadings, be considered a motion for summary judgment. Fed. R. Bankr. P. 7012(b) and Fed. R. Civ. P. 12(c).

[6] Fed. R. Civ. P. 56(c). Future references to the rules in the text shall be to the rule number only.

[7] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[8] *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

3

Case 06-11237    Doc# 344    Filed 07/30/08    Page 3 of 16

The initial burden is on the moving party to establish the absence of a genuine issue concerning any material fact.[9] "'[T]he party moving for summary judgment has the burden to show that he is entitled to judgment under established principles; and if he does not discharge that burden then he is not entitled to judgment. No defense to an insufficient showing is required.'"[10] However, when the moving party does meet the initial burden, the nonmoving party may defeat the motion for summary judgment by presenting evidence from which a trier of fact might return a verdict in its favor.[11] In determining this, all evidence and inferences are viewed in the light most favorable to the nonmoving party.[12]

**FINDINGS OF UNCONTROVERTED FACTS.**

Because Debtors failed to file income tax returns, the IRS filed substitutes for returns pursuant to 26 U.S.C. § 6020(b) for Debtors' 1982 and 1983 income taxes. A Notice of Deficiency dated November 25, 1991, advised Debtors of increase in taxes due of $86,783 for tax year 1982 and of $55,224 for tax year 1983, and related penalties and interest. It advised that "if you want to contest this deficiency in court before making any payment, you have 90 days from the above mailing date of this letter . . . to file a petition with the United States Tax Court for a redetermination of the deficiency."

On February 19, 1992, Debtors filed a petition in Tax Court challenging the deficiencies. According to the Tax Court docket sheet, the following occurred: The Respondent (the IRS)

---

[9] *Adikes v. Kress & Co.*, 398 U.S. 144, 159-160 (1970).

[10] *Id.*, 398 U.S. at 161, *quoting* J. Moore, Federal Practice ¶ 56.22[2], pp. 2824-2825 (2d ed. 1966).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. at 257.

[12] *Id.*, 477 U.S. at 255.

4

filed an answer on April 21, 1992; there was no counterclaim filed by the IRS; on May 13, 1993 notice of trial set for October 18, 1993 was given; the IRS filed two motions to compel, to which Debtors did not respond; and the case came on for hearing on October 18, 1993. The transcript of that hearing, at which Respondent appeared by David G. Hendricks and Debtors did not appear, includes the following:

> MR. HENDRICKS: . . . Pursuant to a conference call on October 14, Petitioner, who lives in western Kansas, was excused from appearing today. Petitioner requested the trial be set at the latter part of the calendar. Respondent will advise Petitioner of the date and time the case is set for trial.
> THE COURT: Mr. Hendricks, do you think the taxpayers are going to trial in this case? From the conference call I got the distinct impression they had no documents and nothing to offer.
> MR. HENDRICKS: I would be surprised. As I say, the Respondent's case was developed in great detail during the criminal portion of the case and I would doubt that there are any significant variations between what is in the notice of deficiency and what records they might come up with.
> * * *
> THE COURT: My concern is I don't want to set it, for example, for Wednesday of next week and sit here in Oklahoma City waiting to find out that they are not going to appear, or if they appear, that they are simply going to default.
> I would like to recall this case on Friday. Tell the taxpayers - - if you contact them tell them that I want to know if they are definitely going to show up and if they are going to trial . . ..

The case was recalled at 2:15 PM on October 22, 1993. At that hearing, the IRS was granted leave to file a motion to dismiss. The transcript of that hearing, at which David G. Hendricks appeared for the Respondent and Debtors did not appear, includes the following:

> THE COURT: . . .
> Now, as I recall, Mr. Hendricks, during the conference call yesterday, I understood that Mrs. Dawes was to contact you before 2:00 today, if she wished the Court to set the case for trial next week.

5

> MR. HENDRICKS: I believe she had the Court's telephone number and - -
> THE COURT: That is right. She had my number, also.
> MR. HENDRICKS: And it was my understanding that she would contact the Court. Of course, she has my number, also, and if she had run into any problems, I can only assume that she would have then called myself.
> THE COURT: Well, she did not call me, and I just want to make sure the record was clear.
> Respondent's motion to dismiss for lack of prosecution will be granted, and decision will be entered for the full amount of the deficiencies and the additions to tax, as set forth in the statutory notice of deficiency.

The granting of the motion to dismiss for lack of prosecution is reflected in an Order of Dismissal and Decision, entered on the docket on December 1, 1993. As to the taxes for 1982 and 1983, the Tax Court ordered and decided that there were deficiencies in income tax and additions to tax from the Dawes in the amounts stated in the November 25, 1991 Notice of Deficiency. Debtor Donald Dawes asserts by affidavit, on his own behalf and on behalf of his wife, "[w]e were not aware that our abandonment of our petition in the Tax Court case could result in a final Order by the Tax Court as to taxes due for 1982 and 1983."

In April 2003, the United States brought an action against Debtors in the United States District Court to, among other things, reduce the Debtors' 1982 and 1983 unpaid tax assessments to judgment.[13] Debtors, as parties to the action, filed responsive pleadings and participated in discovery. On September 21, 2004, the United States was granted summary judgment on its claim for unpaid income tax liabilities and other matters. A judgment was entered against the Dawes in favor of the United States for the assessed balance on their 1982 and 1983 income

---

[13] *United States v. Donald W. Dawes, et al.*, No. 03-1132-JTM (D. Kan. filed April 23, 2003).

taxes, including accrued interest and other statutory additions. Debtors appealed to the Tenth Circuit Court of Appeals, but the judgment was affirmed.[14]

After this case was filed on July 14, 2006, the IRS was granted relief from stay to sell certain of Debtors' real property which was subject to a tax lien.[15] Sale proceeds in the amount of $947,000 were deposited into the registry of the District Court and disbursement made to the IRS.[16]

**ANALYSIS.**

The IRS contends that res judicata bars the Debtors from objecting to the amount of 1982 and 1983 income taxes, interest, and penalties.[17] Debtors respond that res judicata does not bar their objection to claim for two primary reasons: (1) Because their claim is for refund of taxes paid under 26 U.S.C. § 6511, a claim which could not have been made in the Tax Court or the District Court litigation; and (2) because of lack of notice as to the consequences of allowing dismissal of the Tax Court proceeding for lack of prosecution, there was not a full and fair opportunity to litigate the amount of 1982 and 1983 taxes in the Tax Court.

As in this case, when taxpayers receive a statutory notice of income tax deficiency, there are two means to challenge the accuracy of the determination: (1) File a petition for

---

[14] *Dawes v. United States*, No. 04-3454 (10th Cir., docketed Dec. 1, 2004).

[15] Doc. 47.

[16] *United States v. Donald W. Dawes, et al.*, No. 03-1132-JTM, docs. 56 and 58.

[17] In its initial brief, the IRS also contends that the Court is precluded from entertaining Debtors' request to redetermine their 1982 and 1983 taxes by the res judicata effect of the district court decision in *United States v. Dawes* and § 505(b) of the Bankruptcy Code. Doc. 250. The Court finds it unnecessary to address these contentions, which have not been fully briefed.

redetermination with the Tax Court within the applicable time limit;[18] or (2) pay the taxes and bring a refund action in the federal courts.[19] If the first option is chosen, once the Tax Court acquires jurisdiction to determine the deficiency, that authority includes redetermination of the amount of the deficiency, even if it exceeds the amount stated in the notice of deficiency.[20] Further, the Tax Court's jurisdiction is exclusive, and after filing the petition "no suit by the taxpayer for the recovery of any part of the tax shall be instituted in any court," except in narrow circumstances which are not present here.[21] If a taxpayer files a petition for redetermination of deficiency, the action is concluded by the filing of a written decision which includes the amount of deficiency.[22] If the decision is one dismissing the action for other than lack of jurisdiction, it is considered a decision that the amount of the deficiency is as set forth in the notice of deficiency.[23] If a notice of appeal is not filed within 90 days,[24] the Tax Court determination becomes final.[25]

---

[18] 26 U.S.C. § 6214.

[19] *See* 28 U.S.C. § 1346.

[20] 26 U.S.C. § 6214.

[21] 26 U.S.C. § 6512(a).

[22] 26 U.S.C. § 7459(a) - (c).

[23] 26 U.S.C. § 7459(d).

[24] 26 U.S.C. § 7483.

[25] 26 U.S.C. § 7481(a)(1).

Final judgments of the Tax Court are accorded res judicata effect.[26] Thus, if a "claim of tax liability or non-liability relating to a particular tax year is litigated [in Tax Court], judgment on merits is res judicata as to any subsequent proceeding involving the same claim and same tax year."[27] In the Tenth Circuit, "res judicata requires the satisfaction of four elements: (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the party must have had a full and fair opportunity to litigate the claim in the prior suit."[28]

The Court agrees with the IRS that each of those elements is present here. The first element is present since the Tax Court's dismissal of the Dawes' action for lack of prosecution was a final judgment on the merits.[29] The Internal Revenue Code expressly provides that a Tax Court order of dismissal shall be considered as a decision that the amount of deficiency is as determined by the deficiency notice. It provides:

> If a petition for a redetermination of a deficiency has been filed by the taxpayer, a decision of the Tax Court dismissing the proceeding shall be considered as its decision that the deficiency is the amount determined by the Secretary. An order specifying such amount shall be entered in the records of the Tax Court unless the Tax Court cannot determine such amount from the record in the proceeding, or unless the dismissal is for lack of jurisdiction.[30]

---

[26] *Comm'r v. Sunnen*, 333 U.S. 591 (1948); *see Comm'r* v. *Texas-Empire Pipe Line Co.*, 176 F.2d 523 (10th Cir. 1949).

[27] *Comm'r v. Sunnen*, 333 U.S. at 599.

[28] *Educ. Credit Mgmt Corp. v. Mersmann (In re Mersmann)*, 505 F.3d 1033, 1049 (10th Cir. 2007), *citing Nwosun v. Gen. Mills Rests., Inc.,* 124 F.3d 1255, 1257 (10th Cir.1997).

[29] *Pena v. United States*, 883 F. Supp. 154, 157 (D.S.D. Tex. 1994), *citing Fiorentino v. United States*, 226 F.2d 619, 621 (3rd Cir. 1955).

[30] 26 U.S.C. § 7459(d).

9

In accord with the statute, the Order of Dismissal and Decision found the deficiencies for tax years 1982 and 1983 were as stated in the Notice of Deficiency and expressly set forth those amounts. Dawes did not appeal the decision. As to the second element, the parties in the Tax Court proceeding were the Dawes and the United States, the same parties as in this objection to claim contested matter. The third element is satisfied since the Tax Court action and this action involve the identical issue - the amount of income tax deficiency for tax years 1982 and 1983. Finally, Dawes had a full and fair opportunity to litigate that issue in the Tax Court. The Dawes filed the Tax Court action, thereby invoking its jurisdiction to redetermine the deficiency. As reflected in the portions of the transcript of the Tax Court proceedings set forth in the findings of fact, the Dawes were given notice of the opportunity for hearing and elected not to appear. The Tax Court determination of the deficiency, including the tax and other amounts, is res judicata, and this Court may not entertain a contention that it is not correct.

Debtors' arguments that res judicata does not apply are creative, but not sufficient. First Debtors argue that the claim asserted here is not identical to the issue before the Tax Court. They characterize the present controversy as a refund claim under 26 U.S.C. § 6511 for overpayment of 1982 income taxes based upon the postpetition applications of the proceeds from the sale of real property. When making this argument, they allege a right to pursue a refund action under 26 U.S.C. § 6511(a). However, this position is barred by 26 U.S.C. § 6512, which prohibits, except in limited circumstances not present here, refund suits for amounts found due by the Tax Court. It provides in part:

> (a) Effect of petition to Tax Court.--If the Secretary has mailed to
> the taxpayer a notice of deficiency under section 6212(a) (relating
> to deficiencies of income, estate, gift, and certain excise taxes) and

10

> if the taxpayer files a petition with the Tax Court within the time
> prescribed in section 6213(a) . . ., no credit or refund of income tax
> for the same taxable year, . . . to which such petition relates, in
> respect of which the Secretary has determined the deficiency shall
> be allowed or made and no suit by the taxpayer for the recovery of
> any part of the tax shall be instituted in any court . . .[31]

In this case, Debtors filed a petition in Tax Court with respect to the secretary's assessment of a deficiency for 1982 and 1983 taxes. To the extent that Dawes' objection to claim is a suit for recovery of taxes paid for 1982 or 1983, it is barred.

Debtors' arguments are similar to those found insufficient in *Skinner v. United States*.[32] In 1992, the IRS had issued a notice of deficiency for 1988 taxes. The taxpayer filed a timely petition in the Tax Court, and the Tax Court by order dated March 14, 1994 dismissed the case due to the taxpayers failure to prosecute the case. Over five years later, the taxpayer filed a complaint for refund of taxes for 1988. The Court granted the IRS's motion to dismiss for lack of jurisdiction. The taxpayer's resort to the Tax Court ended his opportunity to litigate the amount of his 1988 taxes in federal court.

Next the Debtors contend that the Tax Court did not determine the deficiency amount. This argument is based upon the erroneous assumption that the Tax Court proceedings was review of a jeopardy assessment. It is true that as to jeopardy assessments, the reviewing court determines only if the assessment is reasonable, not the actual tax liability.[33] Section § 6861[34] of

---

[31] 26 U.S.C. § 6512. The prohibition has certain statutory exceptions, such as when the taxes collected exceed those found due by the Tax Court, but Debtors do not rely upon any of these exceptions.

[32] 2000 WL 206262, 85 A.F.T.R. 2d 2000-788 (Fed.Cl., 2000).

[33] *See Davis v. United States*, 511 F. Supp. 193, 196-97 (D. Kan. 1981).

[34] 26 U.S.C. § 6861.

11

Case 06-11237    Doc# 344    Filed 07/30/08    Page 11 of 16

the Tax Code provides for jeopardy assessments when collection of a tax will be jeopardized by delay. It provides in part:

> If the Secretary believes that the assessment or collection of a deficiency, as defined in section 6211, will be jeopardized by delay, he shall, notwithstanding the provisions of section 6213(a), immediately assess such deficiency (together with all interest, additional amounts, and additions to the tax provided for by law), and notice and demand shall be made by the Secretary for the payment thereof.

There is no evidence that the IRS made a jeopardy assessment with respect to the Dawes' taxes for 1982 and 1983. The notice sent to the Dawes as to the income taxes and other amounts due for 1982 and 1983 taxes was not a jeopardy assessment - it was a Notice of Deficiency. The Dawes' Tax Court petition was filed to challenge the deficiency notice. The Tax Court had jurisdiction to redetermine the amount of the deficiency[35] and did so in its order dated December 1, 1993.

Finally, Debtors contend that the Tax Court determination is not res judicata because Debtors were denied a full and fair opportunity to litigate the issue of the actual tax due. This argument is based upon Debtors' statement by affidavit that they were not aware that abandonment of their challenge to the deficiency would result in a final order as to the amount of taxes due. This factual assertion, assumed for purposes of analysis to be uncontroverted, is insufficient to deny the res judicata effect of the Tax Court decision. This element of res judicata requires a full and fair *opportunity* to litigate a claim, not either *actual litigation*[36] or *notice* of the

---

[35] 26 U.S.C. § 6214.

[36] *See Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329 (10th Cir. 1988) (finding preclusion even though the issue was not actually litigated because a motion to consolidate two

12

Case 06-11237   Doc# 344   Filed 07/30/08   Page 12 of 16

consequences of litigation choices. The presence of a full and fair opportunity to litigate assures there was no procedural "deficiency that would undermine the fundamental fairness of the original proceedings."[37] The standard seeks to assure that there was an opportunity to litigate, a fact which cannot be doubted in this case. Dawes filed the action in the Tax Court, thereby selecting a forum with jurisdiction to determine the deficiency amount and implicitly stating they wished to utilize the opportunity provided by the Tax Code to litigate the proper amount of taxes before payment. Further, the Tax Court transcripts evidence that Dawes were given notice of the hearing opportunity and decided not to participate.

Dawes' unilateral act of electing not to litigate and subjective lack of knowledge of the consequence of that election do not equate to the absence of an opportunity to litigate. In this Court's opinion, the Dawes' argument is irrational. They filed the Tax Court action to challenge the deficiency determination. Any result of dismissal for failure to litigate other than affirming the amount of the deficiency would give taxpayers a victory even though no evidence was offered and no arguments made. Certainly the Tax Code does not permit a taxpayer to defeat a notice of deficiency by the act of filing a Tax Court challenge to the deficiency and then simply choosing not to prosecute the case.

---

actions was denied); *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d at 1255 (granting dismissal to employer based upon res judicata on state law employment discriminatory and retaliatory discharge claims where the pro se plaintiff had an opportunity to litigate those claims in a previous Title VII case in federal court).

[37] *In re Mersmann*, 505 F.3d at 1049, citing *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d at 1334.

This case is very similar to *Pena*,[38] in which the District Court dismissed a taxpayer's income tax refund suit based upon statutory and res judicata grounds. Upon audit of the taxpayers' return for 1971, the IRS issued a Notice of Deficiency to the taxpayers in December 1975. The Penas timely filed a petition in Tax Court challenging the deficiency. The Tax court suit was dismissed for lack of prosecution on July 21, 1983, and the order of dismisal stated the amount of the deficiency. The Penas did not appeal. While the Tax Court proceeding was still pending, the IRS seized assets that were to be distributed in satisfaction of the taxes. After the IRS denied a refund, the Penas filed an action in Federal District Court seeking a refund by challenging their liability for 1971 taxes. On the motion of the United States, the Court dismissed the action. First, it held the suit barred by 26 U.S.C. § 6512(a), quoted above. It held that the jurisdictional statute operated to prohibit any action for recovery of taxes for the taxable year which was at issue in the Tax Court proceedings. The court also held the refund suit barred by the doctrine of res judicata. It stated:

> In the case at bar, all of the conditions of *res judicata* are met. The doctrines of *res judicata* and "claim preclusion" are designed to insure the finality of judgments and thereby conserve judicial resources and protect litigants from multiple lawsuits. . . .
>
> First, the parties in this action, the Penas and the United States, are identical to those in the Tax Court. Second, the Tax Court is without question a court of competent jurisdiction for this type of dispute. Third, the Tax Court's dismissal of the Penas' action for want of prosecution was a final judgment on the merits. *See United States v. Rochelle,* 363 F.2d at 229; Fed. R. Civ. P. 41(b). As the Third Circuit stated in *Fiorentino:*
>
>> The taxpayer did file his suit for redetermination with the Tax Court. The Tax Court eventually dismissed for lack of prosecution. The taxpayer

---

[38] *Pena v. United States*, 883 F. Supp. at 154.

14

> could have appealed to the Court of Appeals. He
> did not. The statute, we think, very effectively bars
> the suit in district court for recovery of the alleged
> overpayment. There is good authority squarely on
> the point that a dismissal for want of prosecution is
> a sufficient determination of the case by the Tax
> Court to bar the taxpayer from proceeding in district
> court.
>
> *Fiorentino v. United States,* 226 F.2d 619, 621 (3d Cir.1955)
> (citing *Monjar v. Higgins,* 132 F.2d 990 (2d Cir.1943)). As noted
> above, the Penas' tax liability for the 1971 tax year was decided by
> the Tax Court in 1983. The Penas did not appeal the Tax Court
> decision to the Fifth Circuit and it became final. Finally, the Penas
> have brought the same cause of action in this court, contesting
> their tax liability for the year 1971, an issue that was previously
> determined by the Tax Court. A comparison of the petition the
> Penas filed in Tax Court and the complaint the Penas filed in this
> court reveals that both actions challenge the Penas' liability for
> 1971 income taxes. Therefore, because all four conditions for the
> application of the doctrine of *res judicata* are present, relitigation
> of the Penas' tax liability for the year 1971 is barred as a matter of
> law.[39]

The Court therefore agrees with the IRS that Debtors' objection to the proof of claim for 1982 and 1983 taxes and additional charges is barred by statute and by the doctrine of res judicata. The objection to claim seeks to have the taxes due for 1982 and 1983 determined based upon recently prepared income tax returns, contending that the returns prepared by the IRS which were the basis for the Notice of Deficiency were erroneous. Debtors are barred by statute and by the doctrine of res judicata from challenging the proof of claim on this basis.

**CONCLUSION.**

For the foregoing reasons, the IRS is granted summary judgment on its opposition to the Debtors' objection to the IRS's proof of claim as to liability arising from 1982 and 1983 income

---

[39] *Id.,* 883 F. Supp. at 157.

15

taxes.  Since the extent of liability for 1982 and 1983 taxes is the only basis for the objection to the Proof of Claim, the objection shall be denied and judgment entered accordingly.

**IT IS SO ORDERED.**

# # #

16