**SO ORDERED.**

**SIGNED this 10 day of February, 2010.**



Dale L. Somers

_____

**Dale L. Somers**
**UNITED STATES BANKRUPTCY JUDGE**

_____

For online use and for print publication
**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **In re:** | |
| **DONALD W. DAWES and** | **CASE NO. 06-11237** |
| **PHYLLIS C.  DAWES,** | **CHAPTER 12** |
| **DEBTORS.** | |

**MEMORANDUM AND ORDER HOLDING THAT DEBTORS'**
**THIRD AMENDED CHAPTER 12 PLAN DATED JUNE 5, 2009**
**CANNOT BE CONFIRMED**

The matter under advisement is the legal question whether Debtors' Third Amended

Chapter 12 Plan dated June 5, 2009 (hereafter "Proposed Plan") may be confirmed over the

United States' objection that the effective date of the plan, January 20, 2007, is not in conformity

with the Code.[1]  In accord with the pretrial order,[2] this dispositive issue was separately briefed[3]

---

[1] Doc. 414.

[2] Doc. 442.

[3] Docs. 450, 451, and 454.

and then placed under advisement.  Debtors Donald and Phyllis Dawes appear by Mark J. Lazzo.

The United States appears by Stephanie M. Page, Trial Attorney, Tax Division, U.S. Department

of Justice.  Edward J. Nazar, the Chapter 12 Trustee, objected to confirmation of the Proposed

Plan, but did not brief the issue before the Court.  The Court has jurisdiction.[4]  Having

considered the briefs of Debtors and the United States and conducted its own research, the Court

holds that the Proposed Plan, filed on June 5, 2009, cannot be confirmed because it defines the

effective date of the plan as January 20, 2007, approximately two and one-half years before the

plan was filed.

**FINDINGS OF FACT.**

Debtors and the United States stipulated to the following facts for the purpose of

addressing the United States' objection to the effective date of the Proposed Plan.  Debtors filed

a Chapter 7 petition on July 14, 2006.  The case was converted to a Chapter 12 proceeding on

August 17, 2006.  The Court has not yet confirmed any plan.  Debtors filed their original Chapter

12 plan on November 13, 2006, and the United States and the Trustee filed objections.  Debtors

filed a first amended plan on  May 2, 2008.  The United States filed objections to the plan.

Debtors filed a second amended plan on January 21, 2009.  The United Stated filed objections to

the plan.  Debtors filed a third amended plan, the Proposed Plan, on June 5, 2009.  It defines the

effective date as January 20, 2007, "the date the first installment Plan payment was due, and was

---

[4] This Court has jurisdiction pursuant to 28 U.S.C. § 157(a) and §§ 1334(a) and (b) and the
Standing Order of the United States District Court for the District of Kansas that exercised authority
conferred by § 157(a) to refer to the District's Bankruptcy judges all matters under the Bankruptcy Code
and all proceedings arising under the Code or arising in or related to a case under the Code, effective July
10, 1984.  A motion for construction of a portion of the Code relevant to confirmation of a plan is a core
proceeding which this Court may hear and determine as provided in 28 U.S.C.§ 157(b)(2)(A) and (L).
There is no objection to venue or jurisdiction over the parties.

Case 06-11237   Doc# 462   Filed 02/10/10   Page 2 of 11

made, to the Chapter 12 Trustee herein." The Proposed Plan also provides it ends on January 20, 2010, before the date of this order. The Debtors made the following payments to the Chapter 12 Trustee on the following dates:

| | |
|---|---|
| January 19, 2007 | $5,400 |
| July 23, 2007 | $5,000 |
| February 4, 2008 | $5,000 |
| July 19, 2008 | $5,000 |

The Debtors paid the United States $250,000 on or about March 10, 2009 pursuant to a settlement.

**ANALYSIS.**

The Code provides that generally a plan shall not be for a period in excess of three years,[5] but does not expressly state when that period commences to run. In support of the Proposed Plan's use of January 20, 2007, as the effective or commencement date of the plan, Debtors rely upon 11 U.S.C. § 1225(b)(1)(B). It provides, when enumerating the standards for confirmation, as follows:

> (b)(1) If the trustee or the holder of an allowed unsecured claim objects to the confirmation of the plan, then the court may not approve the plan unless, *as of the effective date of the plan--*
> ***
> (B) the plan provides that all of the debtor's projected disposable income to be received in the three-year period, or such longer period as the court may approve under section 1222©), *beginning on the date that the first payment is due under the plan* will be applied to make payments under the plan; or

---

[5] 11 U.S.C. § 1222(c).

3

Debtors argue, without citation to any case law, that the phrase "beginning on the date that the first payment is due" under the plan has reference to the date that the first payment was made to the Trustee pursuant to their original proposed plan. That plan, filed on November 13, 2006, was never confirmed. According to Debtors, the Code contemplates that plan payments will begin prior to confirmation. In response to the United State's argument the "effective date of the plan" in § 1225(b)(1)(B) refers to the date of confirmation, Debtors note that § 1225(b)(1)(B) does not include the word "confirmed" in the phrase "beginning on the date that the first payment is due under the plan."

The United States argues that if the Proposed Plan is confirmed with its effective date of January 20, 2007, "it will mean that the plan has been ongoing for over two and one-half years (unbeknownst to the United States) . . . ." It argues that the "effective date should be no earlier than the date of the confirmation order." Reliance is placed on the common meaning of the word "effective" and case law.

The Court finds that the Proposed Plan cannot be confirmed if the effective date, defined by the plan to mean January 20, 2007, is contrary to the Code. Section 1225 defines the Chapter 12 confirmation standards and in doing so uses the phrase "effective date" of the plan in several subsections. However, the Code does not define the phrase "effective date of the plan," even though it is used in Chapters 11 and 13, as well as Chapter 12.[6] A commentator has defined "effective date of the plan" as follows:

> Effective date is the date upon which a confirmed plan becomes operative and distribution of cash or property is commenced. In

---

[6] For a list of the Code sections using the term "effective date" see *In re Potomac Iron Works, Inc.*, 217 B.R. 170, 172 n.1 (Bankr. D. Md. 1997).

4

essence, it is the point in time when the plan can and should be susceptible of implementation and commencement of the operation of its provisions.[7]

It has been suggested that Congress should for purposes of Chapter 11 define "effective date" to be "the date on which the provisions of a plan of reorganization become effective and binding on the parties" and to require the date to "bear some reasonable relationship to the confirmation-hearing date."[8]

Neither the parties nor the Court have found any case law defining the "effective date of the plan" for the purpose of determining commencement of the three year period specified in § 1225(b)(1)(B). However, there is case law addressing other subsections of § 1225 incorporating the phrase "effective date of the plan." These cases reject the use of a date prior to the confirmation hearing, such as the date of filing, and generally hold that for purposes of § 1225 "effective date of the plan" is the date of confirmation.

The best interests of creditors test, stated in § 1225(a)(4) as a condition for confirmation, is as follows:

> (a) Except as provided in subsection (b), the court shall confirm a plan if–
>
>                                 \*\*\*
>
>   4) the value, *as of the effective date of the plan,* of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;

---

[7] Benjamin Weintraub and Michael J. Crames, *Defining Consummation, Effective Date of Plan of Reorganization and Retention of Postconfirmation Jurisdiction: Suggested Amendments to the Bankruptcy Code and Bankruptcy Rules*, 64 Am. Bankr. L.J. 245, 276 (1990).

[8] Kenneth K. Klee, *Adjusting Chapter 11: Fine Tuning the Plan Process*, 69 Am. Bankr. L.J. 551, 560-61 (1995).

In *Musil*,[9] former Bankruptcy Judge Pusateri, construed the best interests of creditors test as

defined by § 1225(a)(4). He held that the Code prohibits the debtor from defining the effective

date of the plan to be the date of filing and that the effective date could be no earlier than the

date the first confirmable plan is heard. First, the court relied upon the plain understanding of

"effective." Judge Pusateri stated:

> . . ."Effective" in common parlance means "ready for service or
> action; to effect." "Effect" in turn means "a quality or state of
> being operative." Webster's New Collegiate Dictionary (1975).
> Both logically and by definition, the effective date of a plan cannot
> exist before the date the plan is filed. In other words, a plan cannot
> be "ready for action" or "operative" before it exists.[10]

He further reasoned that to define "effective date" as the date the case was filed would create

disharmony within § 1129, § 1225, and § 1325 and other sections of the Code.[11] The holding of

the court was that "a debtor may not define the effective date as the date of the filing of the

petition, and that the effective date can be no earlier than the date the first confirmable plan is

heard."[12]

---

[9] *In re Musil*, 99 B.R. 448 (Bankr. D. Kan. 1988).

[10] *Id.*, 99 B.R. at 450.

[11] *Id.*

[12] *Id.*, 99 B.R. at 451.

6

Former Bankruptcy Judge Robinson in *Becker*[13] agreed with *Musil*. She held that the "best interest test should be applied as of the date of confirmation"[14] and rejected the date of filing as the effective date. She quoted the following from Colliers:

> Using the effective date of the plan, rather than the petition date, makes sense because it allows an accurate comparison of the amount proposed to be paid under the plan with the amount that a creditor would receive from an actual liquidation. Because of the delay inherent in the bankruptcy process, there are likely to always be changes in the value of the debtor's assets between the time the case was filed and the time of the confirmation hearing. If the debtor's plan is not confirmed, and the debtor's estate were actually liquidated under chapter 7, the value of any assets acquired during the pendency of the case would be available for distribution to creditors. Similarly, any assets that were lost during that period would not be available. By making the comparison as of the effective date of the plan, the best interests test allows a meaningful comparison to be made. [15]

The effective date of the plan is also included in the standards for confirmation applicable to the cramdown of secured claims in § 1225(a)(5)(B)(ii). It provides:

> (a) Except as provided in subsection (b), the court shall confirm a plan if–
>
> * * *
>
> (5) with respect to each allowed secured claim provided for by the plan--
> (A) the holder of such claim has accepted the plan;

---

[13] *In re Becker*, 169 B.R. 725 (Bankr. D. Kan. 1994); see also *In re J.D. Perdue, Jr.*, 95 B.R. 475 (Bankr. W.D. Ky 1988) (holding that for purposes of the liquidation test of § 1225((a)(4) the value, as of the effective date of the plan, is to be determined as of the date of confirmation, not the date of filing); *In re Novak*, 252 B.R. 487, 491 (Bankr. D.N.D. 2000) (holding that the comparison for the best interests test must be made as of the effective date of the plan, not the petition date, since no other interpretation of § 1224(a)(4) is logical given the plain language of the statute).

[14] *In re Becker*, 169 B.R. at 731.

[15] *Id.*, quoting 5 Collier on Bankruptcy ¶ 1225.02 (Alan N. Resnick & Henry J. Sommer eds.-in-chief, 15th ed. 1994).

> (B)(I) the plan provides that the holder of such claim retain the lien securing such claim; and
>
> (ii) the value, *as of the effective date of the plan*, of property to be distributed by the trustee or the debtor under the plan on account of such claim is not less than the allowed amount of such claim; or
>
> ©) the debtor surrenders the property securing such claim to such holder;

Application of this standard often involves the debtor making deferred cash payments to the holder of a secured claim, the present value of which equals the value of the secured claim. *Milleson*[16] rejected the use of the discount rate in effect on the date the confirmation hearing was originally scheduled and required use of the rate in effect on the date of the rescheduled hearing. When defining "effective date," for purposes of cramdown, reliance was placed on § 1227, effect of confirmation. The court stated:

> There is no statutory definition of the words "effective date" as used in Section 1225(a)(5). However, the meaning may be determined by reference to Section 1227 which tells us that the "effect" of confirmation of a Chapter 12 plan is to bind various parties. This Court concludes that the terms "effective date" as used in Section 1225 means the date on which the Chapter 12 plan becomes binding on the Debtors and other parties-in-interest under Section 1227. The "effective date" of the plan must therefore be on or after the date on which the confirmation order is entered. In general, the "effective date" will be the date of confirmation. Under Section 1225(a)(5)(B)(ii), the value of property to be distributed by the trustee of the Debtors under the plan on account of an allowed secured claim must be determined as of the actual confirmation date.[17]

---

[16] *In re Milleson*, 83 B.R. 696 (Bankr. D. Neb. 1988).

[17] *Id.*, 83 B.R at 699.

Case 06-11237    Doc# 462    Filed 02/10/10    Page 8 of 11

In *Field*,[18] where interest rates had increased between the date of filing and the date of the

confirmation hearing, debtors urged the use of the lower rate in effect on the date of filing as the

discount rate.   The court rejected this position, finding that "treatise authority and case law

support the idea that the effective date [for the purpose of selection of the discount rate under §

1225(a)(5)(B)(ii)] should be no earlier that the date of the confirmation hearing."[19]  Because

Chapters 11 and 13 contain identical cram down standards, reliance was placed upon Colliers'

construction of § 1129(b)(2)(A)(i)(I) and § 1325(a)(5)(A)(ii), as well as case law under Chapters

11 and 12.

   This Court is persuaded by the foregoing authorities that "effective date of the plan" for

purposes of § 1225(a) is no earlier that the date of the confirmation hearing of the plan that is

confirmed.  Consistency of interpretation of § 1225 requires that the same meaning be ascribed

to "effective date of the plan" in § 1225(b).  The reference to the "effective date of the plan" in §

1225(b)(1)(B) means that the plan, to be entitled to confirmation, as of the date of confirmation

must provide that all of the debtors' projected disposable income to be received during the three

year period commencing with the date the first payment is due under the confirmed plan will be

applied to payments under the confirmed plan.  Debtors' complaint that this construction

improperly insets the word "confirmed" in the phrase "beginning on the date the first payment is

due under the plan" is rejected.  Throughout § 1225 the word "plan" is used to refer to the plan

whose confirmation is before the court.  Assuming the confirmation standards are satisfied, upon

the entry of a confirmation order when the three years of payments commences, the "plan"

---

[18]  *In re Field*, 2005 WL 3148287 (Bankr. D. Idaho 2005).

[19] *Id*., 2005 WL 3148287 *4.

becomes the "confirmed plan." Further, as used in § 1225(b)(1)(B), a debtor's projected

disposable income is income in the future, income received after the date of confirmation (the

"effective date of the plan"). The timing of the commencement of the three year period on the

date of the first plan payment allows for postponement of the commencement of the three years,

but does not allow for the three years to have started before the confirmation of the plan.

As noted by Debtors, the Code in § 1226 permits payments to the Trustee before

confirmation, but this provides no reason to construe §1225(b)(1)(B) as urged by Debtors. A

"debtor is under no obligation to make any payments to the trustee prior to the confirmation

hearing."[20] If such payments are made, the section provides that they "shall be retained by the

Trustee until confirmation or denial of confirmation of a plan."[21] Payments are to be distributed

in accord with the plan only if the plan is confirmed. If the plan is not confirmed, payments are

to be returned to the Debtor, after deduction of allowed administrative expenses and the fee of

the standing trustee. Rather than supporting Debtors, this section supports the United States'

position that the three year period commences only after the first payment is due under the

confirmed plan. Under § 1226, payments are not distributed until the plan is confirmed.

Debtors' Proposed Plan by selecting the effective date approximately two and one half

years before its filing makes no sense. Under the Proposed Plan, as of the confirmation hearing

and thereafter Debtors would have no obligation to commit any future income to plan payments.

This is opposite to the plain meaning of § 1225(b)(1)(B), which requires that *future* projected

disposable income received after confirmation be devoted to plan payments. Further, § 1227

---

[20] 8 Colliers on Bankruptcy at ¶ 1226.01.

[21] 11 U.S.C. § 1226.

10

provides that the parties are not bound by a plan until it is confirmed.  Debtors' Proposed Plan

conflicts with this section as it treats the initial proposed plan and perhaps other proposed plans,

which were never confirmed, as if they were binding upon the Debtors and creditors. The

payments made by Debtors to the IRS were not made pursuant to a plan, since there never has

been a confirmed plan.

**CONCLUSION.**

For the foregoing reasons, the Court holds that the Proposed Plan cannot be confirmed

because selection of January 20, 2007 as the effective date of a plan filed on June 5, 2009 is not

permitted.  Section 1225, setting for the criteria for confirmation, generally requires that the

effective date of the plan be the date of the confirmation order, but certainly no earlier that the

date of the confirmation hearing.

**IT IS SO ORDERED.**

### 

11